WO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Lee Saiers,<br>        Petitioner,<br>v.<br>Dora B. Schriro, et al.,<br>        Respondents. | CV 06-216-TUC-DCB<br><br>**ORDER** |

The Petition for Writ of Habeas Corpus is denied as barred by the statute of limitations.

<u>PETITION FOR WRIT OF HABEAS CORPUS</u>

On May 3, 2006, Petitioner Saiers filed a Petition for Writ of Habeas Corpus alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment and violations to his Sixth and Fourteenth Amendment rights to effective assistance of counsel  (Petition at 5-6.)   He alleges that his attorney failed to effectively represent him at trial and on appeal. Specifically, he alleges supporting facts for these claims as follows:

> After a jury rejected Petitioner's insanity defense, the trial court sentenced him to aggravated consecutive terms of prison totaling 64 years.  Appellate counsel was ineffective because she failed to raise the issue that the consecutive sentences violated Arizona law and were cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

*Id.* at 6.

On September 6, 2006, the Respondents answered the Petition.  Respondent asserts that the Petition is untimely and should be dismissed.  Also, Respondent argues that the federal claims asserted by the Petitioner must be dismissed because they are precluded by his failure to exhaust their review before the Arizona Supreme Court and have been procedurally defaulted in the state courts under Rule 32.2(a)(3).

Petitioner argues that Respondents have waived their statute of limitations defense and are precluded from asserting it now.  And even if the statute of limitations constitutes an affirmative defense, in light of the issues raised in the petition, Petitioner is entitled to equitable tolling of the limitations period.

## WRIT OF HABEAS CORPUS: 28 U.S.C. § 2254

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law that is binding on state courts.  *Engle v. Isaac*, 546 U.S. 107, 119 (1982); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).   In other words, a writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2254(a).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), "to restrict the availability of habeas corpus relief," *Greenawalt v. Stewart*, 105 F.3d 1268, 12751 (9th Cir. 1997), specifically as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1).

In deciding whether the state court ruling was contrary to or involved an unreasonable application of the law, this Court looks exclusively to the holdings of the United States Supreme Court.  A state court decision is contrary to clearly established Supreme Court precedent if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court confronts facts that are materially indistinguishable from relevant Supreme Court precedent and arrives at a result opposite that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  A state court's application of clearly established Supreme Court law is unreasonable where the state court identifies the correct governing legal principal but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 407.  This is an objective assessment, *id.* at 378; an objectively unreasonable application of federal law is different from an incorrect application of federal law. *Id.* at 410.

It is not enough that the state court erroneously or incorrectly applied clearly established Supreme Court precedent, "rather the application must also be unreasonable." *Id.* at 411.  Accordingly, a writ only issues if the federal reviewing court has a firm conviction that the state court committed clear error in its application of Supreme Court precedent. *Van Tran v. Lindsey*, 212 F.3d 1143, 112, 1153-54, 1157 (9th Cir. 2000).  In other words, a Petitioner will not prevail even if he has the better of two reasonable legal arguments because a writ will issue only if this Court has *a firm conviction* that one answer, the one proposed by Petitioner and rejected by the state court, was correct and the other, the one adopted by the state court was erroneous. *Shackleford v. Hubbard*, 234 F.3d 1072, 1077 (9th Cir. 2000) (*quoting Van Tran*, 212 F.3d at 1153-54).

Saiers' Petition was filed after April 24, 1996, the AEDPA's effective date, so the provisions of the Act apply to this case. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (*citing Smith v. Robbins,* 528 U.S. 259, 268 n. 3 (2000)).

According to assertions in the Petition, "Petitioner argued in a Petition for Post-Conviction Relief that his constitutional rights were violated by virtue of the consecutive sentences and . . . Petitioner further argued that appellate counsel was ineffective in failing to raise these issues on appeal." (Petition at 6.) On April 8, 2004, the trial court rejected arguments challenging the consecutive sentences imposed in Petitioner's case. The state court of appeals affirmed the trial court. It held that under the three part test in *State v. Gordon*, 161 Ariz. 308 (1989), the consecutive sentences were proper. Consequently, his appellate counsel was not ineffective for failing to raise this as an issue on appeal. (Answer, Ex. V: Decision Order at 2-5.) The state court's ruling was neither contrary to nor involved an unreasonable application of the law, and a writ may not issue under such circumstances.

## Timeliness: 1-Year Statute of Limitations

The AEDPA imposed, for the first time, a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). The limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, whichever comes latest. *Id.* To calculate when the clock starts running for the one-year statute of limitations period, the conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of conviction, which is 90 days. *Clay v. United States*, ___ U.S. ____, ____, 123 S. Ct. 1072, 1074 (2003) (conviction becomes final 90 days later, when the time for filing a petition for writ of certiorari expires); *see Bowen v. Roe*, 118 F.3d 1157, 1159 (9th Cir. 1999) (period of

direct review includes the period within which a petitioner can file a petition for writ of certiorari with the United States Supreme court whether or not such a petition is filed).

On December 16, 1997, the trial court imposed Petitioner's consecutive sentences: Count I, an aggravated 20-year term of imprisonment for kidnaping; Count II, an aggravated term of 15 years in prison for aggravated assault; an aggravated term of 20 years on Counts III and IV for armed robbery, and four years for Count V, an unlawful use of means of transportation.  On December 31, 1997, Petitioner filed a direct appeal. On March 17, 1998, he filed a petition for post conviction relief (PCR).  The trial court summarily dismissed it, and it was consolidated with the direct appeal.  On May 25, 1999, the court of appeals affirmed the convictions and sentences and affirmed the dismissal of the PCR petition.

The Second petition for PCR, wherein Petitioner raised the claims he alleges here, was filed four years later on November 20, 2003.  On April 8, 2004, the trial court denied the Second PCR petition.  Petitioner sought review by the state appellate court, which affirmed the trial court's dismissal on March 11, 2005.  Fourteen months later, on May 3, 2006, Petitioner filed his federal claim for habeas relief.

The running of the statute of limitations is tolled for any period of time during which a properly filed application for state post-conviction review is pending and continues to toll while a Petitioner appeals the denial in state court.  *Welch v. Newland*, 267 F.3d 1013, (9th Cir. 2001).  Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation."

The Supreme Court interpreted this statutory tolling provision as covering the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  *Carey v. Saffold*, 536 U.S. 214 (2002).  The Court held that the definition of "pending," within the context of 2244(d)(2), "means that an application is pending as long

5

as the ordinary state collateral review process is "in continuance" – i.e., "until the completion of" that process." *Id.* at 220.  "In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.*

The Court explained that any other definition would defeat the important principle of exhaustion codified in the AEDPA, 28 U.S.C. § 2254(c), that a federal habeas petitioner must exhaust his state remedies as long as he has "'the right under [state] law . . . to raise' in the State, 'by any available procedure, the question presented.'" *Id.*  Otherwise, the AEDPA's one-year statute of limitations would require state prisoners to file federal habeas petitions before the State completes a full round of collateral review.  *Id.*

Filing for post-conviction relief in state court triggers the tolling of the statute of limitations for filing a federal petition for a writ of habeas corpus.  The Court looks at the state's laws and rules governing filings, and considers whether anything would prevent the petition from being placed in the court's record.  *Dictado v. Ducharme*, 244 F.3d 724, 726-27 (9th Cir. 2001) (*following Artuz v. Bennett*, 531 U.S. 4, 8-11 (2000) (holding that federal courts look to state law when analyzing AEDPA's tolling provision). It is undisputed that Petitioner's PCR motions for post-conviction relief were properly filed with the trial and appellate courts of Arizona for purposes of entry into the record, and therefore triggered the tolling of the statute of limitations for filing this action.

The state appellate court ruled on the First PCR petition on May 25, 1999, the Second PCR petition was filed November 20, 2003.  The one-year statute of limitations period for filing this action ran before Petitioner even filed the Second PCR in state court.  Once the period expires, the prisoner may not restart it and there is no further tolling by subsequently filed motions for PCR in state court. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *Payton v.*

*Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Here, there was approximately a five or six-year delay in Petitioner's filing of his federal habeas action. It is barred by the one-year statute of limitations for filing such petitions.

Exhaustion: Procedural Default

The procedural posture of a Petition is as important as its timeliness because 28 U.S.C. § 2254(b) provides for the presentation of claims of constitutional magnitude to the district courts as follows:

> (1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of State court shall not be granted unless it appears that–(a) the applicant has exhausted the remedies available in the courts of the State; or (b) (i) there is an absence of available State corrective process; or . . .
>
> (2) An applicant for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available to the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirements or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

Before a federal district court may consider a state prisoner's application for relief under 28 U.S.C. 2254, the prisoner must have exhausted, in state court, every claim raised in his petition. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989). To properly exhaust remedies, the prisoner must have afforded the state courts the opportunity to rule on the merits of his federal constitutional claim by fairly presenting the claim to the state courts in a procedurally appropriate manner. *Id.* at 351-52; *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

State prisoners, except those sentenced to death or life imprisonment, exhaust state court remedies by presenting their claims to the Arizona Court of Appeals. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). When a life sentence has been imposed,

the "complete round" requires a defendant to seek discretionary review of his claims by the Arizona Supreme Court. *Id.* "If state remedies have not been exhausted, a district court is directed to provide the habeas petitioner "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).[1]

If a federal constitutional claim can no longer be raised because of a failure to follow the state's prescribed procedure for presenting such an issue the claim is "technically" exhausted but procedurally defaulted because Petitioner failed to present the claim to the state's highest court in a procedurally proper manner. *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (*quoting Calderon*, 96 F.3d at 1129 (quoting *Coleman*, 501 U.S. at 729-30)); *White v. Lewis,* 874 F.2d 599, 602-03 (9th Cir. 1989).

The procedural default doctrine applies to bar a federal habeas claim when a state court declined to address a prisoner's claims because the prisoner failed to meet a state procedural requirement. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32l; *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305-06 (9th Cir. 1996). Even if the state court also addressed the merits of the underlying federal claim as an alternative ruling, the claims are, nevertheless, procedurally defaulted and barred from federal consideration. *Harris v. Reed,* 489 U.S. 255, 264 n. 10 (1989)); *Poland v. Stewart,* 151 F.3d 1014, 1021 n. 7 (9th Cir. 1998); *Carriger v. Lewis,* 971 F.2d 329, 333 (9th Cir. 1992). A subsequent "silent" denial of review affirms the lower court's application of a procedural bar. *Nunnemaker,* 501 U.S. at 803; *Acosta-Huerta v. Estelle,* 7 F.3d 139, 142 (9th Cir. 1992).

---

[1] A "mixed" Petition with exhausted and unexhausted claims may be held in abeyance until state claims are exhausted, so that subsequently the prisoner may file an amended habeas petition inclusive of all his claims. *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 986-88 (9th Cir. 1998); *Anthony v. Cambra*, 236 F.3d 568, 573 (9th Cir. 2000); *Rose,* 455 U.S. at 510.

8

The procedural default doctrine also applies when the prisoner has not presented a claim in state court, but pursuant to the state court's procedural rules, there are no currently available state court remedies or procedures to obtain review of the claim. *Teague v. Lane,* 489 U.S. 288, 297-99 (1989); *Engle,* 456 U.S. at 125 n. 8; *White,* 874 F.2d at 602.

Here, the Petitioner exhausted his claims before the Arizona Court of Appeals. He challenged the consecutive sentences imposed in this case and argued ineffective assistance of appellate counsel for failing to raise the issue on appeal, however, he failed to argue that the consecutive sentences were cruel and unusual punishment. He argued only that the consecutive sentences violated Arizona law, under *Gordon*. He has, therefore, failed to exhaust this claim. Rule 32 of the Arizona Rules of Criminal Procedure, however, precludes late claims from review unless they fit within narrow exceptions, such as being newly discovered evidence. Rule 32(e). Rule 32 forecloses the possibility for Petitioner to bring a third motion for PCR to exhaust the constitutional claim of cruel and unusual punishment. Consequently, this claim is precluded from federal review because it has been procedurally defaulted in the state courts.

Procedural default precludes federal review of the claim unless the prisoner can demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." *Teague*, 489 U.S. at 298; *Hughes v. Idaho State Board of Corrections*, 900 F.2d 904, 907-08 (9th Cir. 1986).

To demonstrate cause, a state prisoner must show that some objective factor external to the prisoner or his counsel impeded efforts to comply with the state's procedural rules. *Murray v. Carrier,* 477 U.S. 478, 488 (1977)*; Hughes,* 900 F.2d at 908-09. To show prejudice, the prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982).

9

1  To establish a fundamental miscarriage of justice, a state prisoner must establish by clear
2  and convincing evidence that no reasonable juror could find him guilty of the offense.
3  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  Petitioner neither argues cause and prejudice
4  nor a fundamental miscarriage of justice.  Petitioner's federal habeas claim of cruel and
5  unusual punishment is procedurally defaulted in the state courts and consequently
6  precluded from federal review.

      **Accordingly,**

      **IT IS ORDERED** that the Petition (document 1) is DENIED.

      **IT IS FURTHER ORDERED** that for the reasons set forth in the Respondent's Answer, the Clerk of the Court shall dismiss the Petition with prejudice and enter Judgment accordingly.

      DATED this 7th day of February, 2007.

_David C. Bury_
United States District Judge